# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00568-PAB-BNB

ZACHARY HASLETT
on behalf of himself and others similarly situated,

Plaintiff,

v.

SECURITY FIRE PROTECTION DISTRICT, a special district,

Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
## AND ORDER

---

The parties appeared this afternoon for what was set as a scheduling conference. Also pending are the following:

(1)  **Plaintiff's Motion to Certify Conditionally a Collective Action Under the Fair Labor Standards Act . . . and for Court Assisted Notice Under Authority of *Hoffman-LaRoche v. Sperling*** [Doc. # 10, filed 4/3/2013] (the "Motion to Conditionally Certify"); and

(2)  **Defendant's Unopposed Request for Hearing on Plaintiff's Motion for Court Assisted Notice Under Authority of *Hoffman-LaRouche v. Sperling*** [Doc. # 16, filed 5/31/2013] (the "Motion for Hearing").

The scheduling conference is VACATED, to be reset after the Motion to Conditionally Certify is finally determined. I respectfully RECOMMEND that the Motion to Conditionally Certify be GRANTED. The Motion for Hearing is DENIED as premature, and may be refiled after the district judge finally determines the issue of conditional certification.

## I. Conditional Certification

The law applicable to the issue of conditional certification of a collective action under the FLSA is succinctly stated in Baldozier v. American Family Mutual Ins. Co., 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005):

> Collective actions under the FLSA are expressly authorized by 29 U.S.C. § 216(b) in cases where the complaining employees are "similarly situated." The Tenth Circuit has approved a two-step approach for determining whether plaintiffs are "similarly situated" for purposes of § 216(b). First, the court makes an initial "notice stage" determination of whether plaintiffs are "similarly situated," which requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." The standard for certification at this stage is a lenient one. At the conclusion of discovery, the Court makes a second determination of whether the plaintiffs are "similarly situated" under a stricter standard, which includes analysis of the "disparate factual and employment settings of the individual plaintiffs."

(Internal citations omitted.)

Here, the Complaint [Doc. # 1] contains sufficient allegations that the "putative class members were together the victims of a single decision, policy or plan" within the meaning of Baldozier to satisfy the lenient standard for conditional certification. In particular, the Complaint alleges:

> 5. Plaintiff will move the Court to certify a class of all other firefighters employed by the Security Fire Protection District after March 6, 2010, who were employed to provide fire protection services and who were not paid at one-and-one-half times their regular rate of pay for hours worked over forty in a single work week, including all firefighters who were not paid time and a half for hours worked over 68 during an established and regularly recurring period of nine (9) days.
>
> 6. Plaintiff and those similarly situated were affected by a common compensation policy, plan or decision which was made

>by the Board of Directors of the Security Fire Protection District or its Fire Chief who was authorized to establish a compensation plan for firefighters. Specifically a decision, plan or policy was implemented to pay firefighters at their regular rate of pay of hours worked over 40 in a single work week or to pay firefighters at their regular rate of pay for hours worked over 68 in a 9 day recurring period of work.
>
>7. All firefighters in the proposed class shared the same job title and job duties and were subject to the same compensation policies, were improperly paid at their regular rate of pay for hours worked over forty in a single work week and were improperly treated as exempt pursuant to Section 7(k) of the federal Fair Labor Standards Act.

Complaint [Doc. # 1] at ¶¶5-7.

These allegations, in combination with the fact that the defendants do not challenge the conditional certification of a collective action,[1] are sufficient to support the conditional certification.

## II.  Hoffman-LaRouche Notice

"Upon certification of a collective action, the named plaintiffs and their counsel may contact potential members of the class by sending them court-approved notice and consent forms." Vaszlacik v. Storage Technology Corp., 175 F.R.D. 672, 681-82 (D. Colo. 1997) (citing Hoffman LaRouche v. Sperling, 493 U.S. 165, 170 (1989)). Here, however, the district judge has not yet certified a collective action, and a hearing to address the contents of the Hoffman-LaRouche notice is premature.

---

[1] The defendants state that "[u]nder the applicable law, [defendant] does not object to a conditional class certification of those firefighters/engineers who work(ed) within the Berkley Shift framework." Response [Doc. # 12] at p. 3.

### III. Scheduling Conference

The proposed scheduling order submitted by the parties does not establish dates certain for discovery and other pretrial deadlines. Instead, it proposes that the discovery cut-off be "180 days after the deadline by which potential class members must opt-in"; the dispositive motion deadline be "210 days after the deadline by which potential class members must opt in"; and the like. I prefer, and the parties did not oppose my suggestion, that a scheduling conference await the decision by the district judge on the conditional certification issue, and that deadlines be established as dates certain. Consequently, I vacated the scheduling conference.

### IV. Recommendation and Order

I respectfully RECOMMEND that the Motion to Conditionally Certify [Doc. # 10] be GRANTED and that the action be conditionally certified as a collective action.[2]

In addition, IT IS ORDERED:

(1)    The Motion for Hearing [Doc. # 16] is DENIED as premature, and may be refiled after the district judge finally determines the issue of conditional certification;

(2)    The scheduling conference is VACATED, to be reset by later order of the court; and

---

[2]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

(3)     Within seven days after any order finally resolving the Motion to Conditionally Certify, the parties shall file a status report notifying me of the order and, if appropriate, requesting a scheduling conference.

Dated June 3, 2013.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge